# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FEIZ ALI RAMANDI MOHAMMAD,

    Petitioner,

v.                                                                                               No. 2:26-cv-0305 SMD/KRS

KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; PAMELA BONDI,
U.S. Attorney General; MARY DE ANDA-YBARRA,
Field Officer Director of Enforcement and Removal
Operations, El Paso Field Office, Immigration and Customs
Enforcement; and DORA CASTRO, WARDEN,
Otero County Processing Center,

    Respondents.[1]

## ORDER TO ANSWER AND PROHIBITING TRANSFER OUT OF DISTRICT

Before the Court is Petitioner Feiz Ali Ramandi Mohammad's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) (Petition), filed February 6, 2026. Petitioner is a citizen of Iran and challenges detention in Immigration and Customs Enforcement (ICE) custody at the Otero County Processing Center in New Mexico. Also before the Court is Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. 2) (IFP Motion). It appears Petitioner is unable to prepay the $5.00 habeas filing fee. The Court will grant the IFP Motion pursuant to 28 U.S.C. § 1915(b)(4) and Petitioner shall be excused from prepaying the filing fee.

---

[1] The opening pleading lists the Warden of the Otero County Processing Center as Respondent. The Court adds the above-mentioned parties as Respondents in this case. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

Petitioner entered the United States on May 1, 2024, and has been in immigration custody since June 24, 2025. *See* (Doc. 2) at 4. Petitioner appears to challenge immigration custody on the basis that a chance to appeal an immigration decision was not provided and because Petitioner has been in custody for longer than the six-month presumptively reasonable period for removal efforts. (Doc. 1) at 2-6. Petitioner further states deportation to Iran is not reasonably foreseeable, and seeks release from custody. *Id.* at 6-7.

The alleged facts are sufficient to survive initial review under Habeas Rule 4. *See Zadvydas v. Davis*, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable immigration detention period, after which, "once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional). Accordingly, the Court will order Respondents to answer the Petition (Doc. 1).

The Clerk's Office has electronically served the Petition on Respondents via CM/ECF. *See* (Doc. 3). The United States Attorney's Office (USAO) shall answer the Petition (Doc. 1) within 10 business days of entry of this Order and show cause why the requested relief should not be granted. *See* Habeas Rules 1(b), 4 (courts have discretion to set a time for respondents to answer a habeas petition). If the USAO declines to timely respond, the Court may enter a separate order granting a bond hearing or release from custody. Petitioner may file an optional reply within 10 business days after the answer brief is filed. The Court will also enjoin Respondents from transferring Petitioner out of the District of New Mexico while these proceedings are pending, or until further order of this Court.

**IT IS ORDERED** that Petitioner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (**Doc. 2**) is **GRANTED**;

**IT IS FURTHER ORDERED** that the USAO shall **ANSWER** the Petition (Doc. 1) within 10 business days of entry of this Order and show cause why the requested relief should not be granted. Petitioner may file an optional reply within 10 business days after the response is filed.

**IT IS FURTHER ORDERED** that the Government is enjoined from transferring Petitioner from the District of New Mexico while these proceedings remain pending, absent express written authorization from this Court.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **UPDATE** the case caption to match the party Respondents added/substituted via this Order.

_____
SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE