IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


FEIZ ALI RAMANDI MOHAMMAD,

      Petitioner,

v.                                                                          Case No. 2:26-cv-00305-SMD-KRS

KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; PAMELA BONDI,
U.S. Attorney General; MARY DE ANDA-YBARRA,
Field Officer Director of Enforcement and Removal
Operations, El Paso Field Office, Immigration and
Customs Enforcement; and DORA CASTRO, WARDEN,
Otero County Processing Center,

      Respondents.[1]


**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on *pro se* Petitioner Feiz Ali Ramandi Mohammad's ("Petitioner") Motion to Appoint Counsel (Doc. 12), filed April 16, 2026. Respondents did not file a response.

There is no constitutional right to counsel in a habeas proceeding. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001). Factors guiding such discretion include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the

---

[1] The opening pleading lists Kristi Noem and Pamela Bondi as Respondents. The Court directs the Clerk to replace Respondent Kristi Noem with Markwayne Mullin, the current Secretary, U.S. Department of Homeland Security, and Respondent Pamel Bondi with Todd Blanche, the current Attorney General of the United States. *See Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Considering these factors, the Court is not persuaded that habeas counsel should be appointed at this time. The issues are presented in a clear manner and they are not overly complex compared to similar § 2241 petitions.

   **IT IS THEREFORE ORDERED** that Petitioner Feiz Ali Ramandi Mohammad's Motion to Appoint Counsel (Doc. 12) is **DENIED** without prejudice.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE